UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 2:22-CR-91 JD

MILTON DANIELS

## OPINION AND ORDER

Defendant Milton Daniels moved under 28 U.S.C. § 2255 to vacate his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He claims that his conviction and sentence violated his right to bear arms under the Second Amendment, pursuant to the Supreme Court's holding in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). He also insists that he received ineffective assistance of counsel because his attorney, Matthew Soliday, didn't tell him that his prosecution violated the Second Amendment and didn't challenge the interstate commerce nexus. For the reasons stated below, the Court will dismiss his petition.

### A. Factual and Procedural Background

On August 18, 2022, Mr. Daniels was charged in a one-count indictment with being a felon in possession of a firearm.[1] (DE 1.) On June 1, 2023, the parties filed a plea agreement with the Court. In the Agreement, Mr. Daniels agreed to plead guilty to the charge in exchange for the Government's promise to recommend that the Court grant him the acceptance of responsibility adjustment under U.S.S.G. § 3E1.1(b) and impose a sentence "no greater than the

---

[1] Before being charged in this case, Mr. Daniels had three Indiana felony convictions: residential entry; escape; and criminal organization (PSR, DE 31 ¶¶ 33, 36, & 38.)

minimum of the applicable guideline range." (Plea Agreement, DE 18 ¶ 7(c).) As part of the

Agreement, Mr. Daniels partially waived his right to challenge his sentence either on appeal or in

any collateral proceeding:

> I understand that the law gives a convicted person the right to appeal the conviction
> and the sentence imposed. I also understand that no one can predict the precise
> sentence that will be imposed, and that the Court has jurisdiction and authority to
> impose any sentence within the statutory maximum set for my offense as set forth
> in this plea agreement. With this understanding and in consideration of the
> government's entry into this plea agreement, I expressly waive my right to appeal
> or to contest my convictions and all components of my sentence or the manner in
> which my conviction or my sentence was determined or imposed, to any Court on
> any ground other than a claim of ineffective assistance of counsel, including any
> appeal under Title 18, United States Code, Section 3742 or any post-conviction
> proceeding, including but not limited to, a proceeding under Title 28, United States
> Code, Section 2255.

(Plea Agreement, DE 18 ¶ 7(e).)

Mr. Daniels pleaded guilty to the charge in the Indictment. At the change-of-plea hearing

before Magistrate Judge Rodovich, Mr. Daniels stated under oath that he signed the plea

agreement, understood his constitutional rights, and knew that he was waiving his appeal rights,

except for his right to effective representation of counsel; he also stated that he was entering the

plea voluntarily, without any coercion:

> THE COURT: Now, subparagraph (e), if you proceed to trial, or if you plead guilty
> without a plea agreement, you would have the right to appeal both your conviction
> and your sentence. In this case, because you are entering into a plea agreement, you
> are waiving your right to challenge either your conviction or your sentence either
> on direct appeal or any type of a collateral attack. Do you understand that, sir?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: So, for example, if you object to the calculations under the
> guidelines and the district court overrules your objection, you will not be able to
> appeal that determination. Do you have any questions about that?
>
> THE DEFENDANT: No, Your Honor.

THE COURT: The only exception to waiving your right to appeal is if you believe you have received ineffective assistance of counsel in this case. Have you discussed with Mr. Soliday your right to appeal any conviction or sentence?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And are you satisfied with the advice that he has given you on that issue?

THE DEFENDANT: Yes, Your Honor.

(*Id.* at 6–7.)

. . .

THE COURT: Other than this plea agreement, have any threats or promises been made to induce you to enter into a guilty plea?

THE DEFENDANT: No, Your Honor.

(*Id.* at 6–7.)

. . .

THE COURT: And, finally, as I discussed previously, pursuant to this the plea agreement and your guilty plea, you are waiving your right to challenge either your conviction or your sentence either on direct appeal or any type of a collateral attack. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you have any questions about your constitutional rights?

THE DEFENDANT: No, Your Honor.

(*Id.* at 11–12.)

. . .

THE COURT: Mr. Soliday, are you satisfied that the defendant has knowingly and voluntarily waived his constitutional rights and that there's a factual basis to support a conviction of the offense alleged in the Indictment?

MR. SOLIDAY: Yes, Your Honor.

THE COURT: I will do a report and recommendation. I will find that Mr. Daniels has knowingly and voluntarily waived his constitutional rights and that there is a factual basis to support a conviction of the offense alleged in the Indictment. . . .

(*Id*. at 13–14.)

The Court sentenced Mr. Daniels to 30 months of imprisonment—consistent with the low end of the guideline and the recommendation of the parties—and 2 years of supervised release. Mr. Daniels did not appeal his conviction or sentence.

After the Government responded to Mr. Daniels's motion under § 2255, he supplemented his original motion. He also requested an extension of time to file a reply brief, which the Court granted. To date, however, Mr. Daniels has not filed anything further.

### B. Standard of Review

Section 2255(a) of Title 28 provides that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The Seventh Circuit has recognized that § 2255 relief is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Further, "a Section 2255 motion is neither a recapitulation of nor a substitute for direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (citation omitted). Relief under § 2255 is extraordinary because it seeks to reopen the criminal process to a person who has already had an opportunity of full process. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068) (7th Cir. 2006)). "Indeed, the concern with finality served by the limitation on collateral

attack has special force with respect to convictions based on guilty pleas." *Bousley v. United States*, 523 U.S. 614, 621(1998) (quotation marks and citations omitted).

When interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe the pleadings liberally. *United States v. Rossiter*, 2016 WL 4611013, at *4 (N.D. Ind. Sept. 6, 2016) (collecting cases). Therefore, if a court can reasonably read the petitioner's pleadings to state a valid claim, the court should do so even if the pleadings do not cite proper legal authority, confuse various legal theories, use poor syntax and sentence construction, or display a lack of familiarity with pleading requirements. *Id.* (citing *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999)). However, a district court is not expected to assume the role of an advocate for a pro se litigant, and it cannot rewrite the litigant's petition to include claims that the litigant did not present. *Id.*

A § 2255 petitioner needs to submit evidence to support his claims; "naked assertions" are not enough. *Galbraith v. United States*, 313 F.3d 1001, 1008 (7th Cir. 2002). "[T]he petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (citation omitted). A petition "signed under penalty of perjury" may also suffice to verify the petitioner's allegations so they "*become* evidence." *Kafo*, 467 F.3d at 1068. But unsworn allegations are "not even a scintilla of evidence." *Galbraith*, 313 F.3d at 1008. Verification is a threshold requirement: a "sworn affidavit with specific details" showing the petitioner has "actual proof of the conduct alleged [is] required as a predicate to securing an evidentiary hearing." *Galbraith*, 313 F.3d at 1010; *see also Kafo*, 467 F.3d at 1067. Thus, a petition presenting "merely bare allegations," rather than a "detailed and specific affidavit," fails "the threshold requirement for securing an evidentiary hearing." *Galbraith*, 313

F.3d at 1009. When a § 2255 petitioner fails to file an affidavit or sworn statement but his allegations otherwise would be sufficient, courts generally offer a chance to fix the defect. *Kafo*, 467 F.3d at 1070–71. Still, requiring sworn testimony is more than a "mere technicality"; it "ensure[s] that a petitioner can provide some evidence … however minimal" to back his claim. *Id*. at 1068–69.

A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

### C. Discussion

#### (1) *Waived and Procedurally Defaulted Claim*

Mr. Daniels claims that he was convicted and sentenced in violation of the Second Amendment. The Government responds by first arguing that Mr. Daniels's argument is barred by his waiver in the plea agreement.

"Plea agreements are contracts through which defendants bargain away fundamental rights." *Cross v. United States*, 892 F.3d 288, 298 (7th Cir. 2018). Here, Mr. Daniels agreed to waive his right to appeal or contest his conviction, including through a § 2255 motion, except on the grounds of ineffective assistance of counsel. Such waivers are enforceable if made knowingly and voluntarily, and if the issues raised fall within the scope of the waiver. *See Plunkett v. Sproul*, 16 F.4th 248, 253 (7th Cir. 2021). The Court of Appeals for the Seventh Circuit has "only a 'few narrow and rare' grounds for not enforcing a voluntary and effectively-counseled waiver of direct appeal or collateral review. For instance: if a district court relied on a 'constitutionally impermissible factor' like race or gender; if the sentence exceeded the statutory

maximum; or if the proceedings lacked a "minimum of civilized procedure." *Oliver v. United States*, 951 F.3d 841, 844 (7th Cir. 2020) (citations omitted). None of them are implicated here.

In *Oliver*, the Seventh Circuit has upheld a waiver in the context of collateral challenge even for claims that could be characterized as jurisdictional or constitutional, emphasizing the finality of plea agreements. *Id*. 951 F.3d at 845 ("Contract principles make [the defendants'] agreements enforceable even against a so-called 'jurisdictional' challenge. After all, one major purpose of an express waiver is to account in advance for unpredicted future developments in the law."). "Plea-bargain waivers allocate the risk of the unknown for both sides: 'By binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one.'" *Id.* (quoting *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005)). In short, there is no "general 'constitutional-argument exception' to waivers in plea agreements." *United States v. Behrman*, 235 F.3d 1049, 1051 (7th Cir. 2000).

Mr. Daniels's challenge under the Second Amendment falls squarely within the scope of the waiver. Mr. Daniels waived his right to "appeal or to contest [his] conviction . . . or the manner in which [it] was determined or imposed, to any Court on *any* ground . . . including . . . any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255[.]" (Plea Agreement, DE 18 ¶ 7(e) (emphasis added).) The waiver could not have been broader. Additionally, at the change-of-plea hearing, Mr. Daniels, while sworn under oath, confirmed that he signed the plea agreement (Plea Hrg., DE 57 at 3), understood his Constitutional rights (*id.* 8–11), understood that he was waiving his appeal as well as collateral attack rights (*id.* at 6–7, 11–12), and no one forced him to plead guilty (*id.* at 6–7). Having finished his colloquy, Judge Rodovich found that Mr. Daniels "has knowingly and voluntarily waived his constitutional rights." (*Id*. at 13–14.) In his motion under § 2255, Mr.

Daniels has alleged nothing that would even suggest, let alone demonstrate, that his waiver of his right to bring a collateral challenge was flawed. Nor does he provide any reason why the Court should ignore his prior sworn testimony. *See United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999) (7th Cir. 1999) ("Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard. A defendant has no legal entitlement to benefit by contradicting himself under oath. Thus, when the judge credits the defendant's statements in open court, the game is over."); *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005) ("[A] motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction."). The Court is thus left with no option but to enforce his waiver. *See Plunkett*, 16 F.4th at 256 (dismissing the defendant's appeal where "[i]n addition to signing a written waiver, which is presumed to be enforceable . . . [the defendant] also attested in his plea colloquy—to which we lend 'particular credence,'—to the fact that he made the waiver knowingly and voluntarily").

* * * * *

In addition, as the Government points out, Mr. Daniels has procedurally defaulted the Second Amended claim because he failed to raise it on appeal. A habeas petitioner generally cannot assert any issues he might have raised on direct appeal. *See Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017) ("Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted."). Even a defendant's challenge of "the voluntariness and intelligence of [his] guilty

plea" will be procedurally defaulted unless it is "first challenged on direct review." *Bousley v. United States*, 523 U.S. 614, 621 (1998).

If a claim is procedurally defaulted, it may "only be raised in a § 2255 proceeding if the defendant demonstrates that he is actually innocent, or that there is cause and actual prejudice." *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008) (citation omitted). "Cause is defined as 'an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding. Prejudice means an error which so infected the entire trial that the resulting conviction violates due process.'" *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013) (quoting *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010). Mr. Daniels has not asserted that he is actually innocent or that there is cause and actual prejudice, and the record does not suggest any basis on which he could do that. There is no indication that circumstances beyond Mr. Daniels's control—such as lockdowns, mail disruptions, or other impediments—interfered with his ability to file an appeal. *See U.S. ex rel. Noble v. Jackson*, 755 F. Supp. 2d 931, 940 (N.D. Ill. Dec. 16, 2010) ("To establish cause for his default, a petitioner ordinarily must show that some external impediment blocked him from asserting his federal claim in state court." (citing *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004)). In addition, Mr. Daniels cannot claim that his Second Amendment argument was unavailable to him at the time of his appeal. Mr. Daniels was sentenced on September 20, 2023, fifteen months after *Bruen* was decided. Moreover, *Bruen* did not create a Second Amendment right; it simply altered the analysis. *See Atkinson v. Garland*, 70 F.4th 1018, 1020 (7th Cir. 2023) ("*Bruen* leaves no room for doubt: text and history, not a means-end analysis, now define the controlling Second Amendment inquiry." (citing *Bruen*, 142 S. Ct. at 2131)). So, the arguments he's attempting to raise now could have been raised on appeal. *See Smith v. Murray*, 477 U.S. 527, 537 (1986) ("[T]he question is not

whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all."); *see also Reed v. United States*, 985 F.2d 880, 883 (7th Cir. 1993) ("All of the cases [the defendant] cites, however, were decided before he was sentenced. Thus, [the defendant] had a reasonable basis to raise this issue on direct appeal. As a result, he cannot satisfy the cause requirement by asserting the novelty of the claims raised in his § 2255 motion."). Mr. Daniels also cannot show that he suffered actual prejudice, meaning that an error infected his conviction and sentence to the point that it violated due process. That said, the Court will address in more detail the question of prejudice when discussing ineffective assistance of counsel since the prejudice analysis is the same for both procedural default and ineffective assistance of counsel. *See  Fields v. United States*, No. 24-CV-248-JPS-JPS, 2024 WL 1138268, at *6 (E.D. Wis. Mar. 15, 2024) (citing *McCleese v. United States*, 75 F.3d 1174, 1179–80 (7th Cir. 1996).

Mr. Daniels could have also argued that he is actually innocent, a very limited basis for relief. But he has failed to make any effort to do so. *See Fields v. United States*, No. 24-CV-248-JPS, 2024 WL 1138268, at *3 (E.D. Wis. Mar. 15, 2024)  ("'[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass' to overcome procedural default." (quoting *Lund v. United States*, 913 F.3d 665, 667 (7th Cir. 2019)). Generally, "to prove actual innocence, the petitioner must show 'that more likely than not . . . no reasonable juror would find him guilty beyond a reasonable doubt.' This standard seeks to 'ensure[ ] that petitioner's case is truly extraordinary . . . while still providing petitioner a meaningful avenue by which to avoid a manifest injustice.'" *Santiago v. Streeval*, 36 F.4th 700, 707 (7th Cir. 2022) (quoting *House v. Bell,* 547 U.S. 518, 538 (2006), and *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

> A prototypical example of 'actual innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime. Such claims are of course

> regularly made on motions for new trial after conviction in both state and federal courts, and quite regularly denied because the evidence adduced in support of them fails to meet the rigorous standards for granting such motions. But in rare instances it may turn out later, for example, that another person has credibly confessed to the crime, and it is evident that the law has made a mistake.

*Sawyer v. Whitley*, 505 U.S. 333, 340–41 (1992). The Seventh Circuit has "also found that a petitioner was actually innocent when he established that he had been convicted of a non-existent crime, or when he was categorically ineligible for the death sentence that had been imposed." *Id.* (citing *In re Davenport*, 147 F.3d 605, 610–11 (7th Cir. 1998) (allowing § 2241 petition to proceed where prisoner showed he had been convicted of "using" a firearm in committing a drug offense when he had merely possessed the firearm, which the Supreme Court had later held was not sufficient to establish crime of "use") (overruled in part on different grounds), and *Webster v. Watson*, 975 F.3d 667 (7th Cir. 2020)). But as noted above, Mr. Daniels does not claim actual innocence nor make any of the corresponding arguments. So the inquiry ends here. *See, e.g.*, *Whipp v. Miller*, No. 22-CV-1350-JPS, 2024 WL 3470344, at *3 (E.D. Wis. July 19, 2024) ("In his initial response to the Court, Petitioner did not raise the argument of actual innocence. He later raises the issue in his reply brief, however, by that point, the argument was waived." (citation to the record omitted)); *see also Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) ("The actual innocence gateway is narrow. [The defendant's] procedural default can be excused only if he 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" (quoting *Schlup*, 513 U.S. at 316)).

Since Mr. Daniels has waived and procedurally defaulted his *Bruen* challenge, the Court turns to Mr. Daniels's claims alleging ineffective assistance of counsel.

### (2) *Ineffective Assistance of Counsel Claims*

Mr. Daniels supplemented his petition under § 2255 to add a claim for ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. "Because an ineffective assistance of counsel claim may be brought in a section 2255 motion regardless of whether the claim was raised on appeal, petitioner's ineffective assistance of counsel claims are not procedurally barred." *United States v. Foster*, No. 13 C 4193, 2017 U.S. Dist. LEXIS 511, *11 (N.D. Ill. Jan. 3, 2017) (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)).

A criminal defendant is entitled to the assistance of counsel for his defense, U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and a defendant who was denied effective assistance of counsel can receive relief under § 2255, *Edmond v. United States*, 899 F.3d 446, 452–53 (7th Cir. 2018). To prevail on a claim of ineffective assistance of counsel, a defendant must show: 1) that his counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness; and 2) that he was prejudiced by the deficiencies in his counsel's performance, meaning that there is a reasonable probability that the results of the proceeding would have been different with effective representation. *Strickland*, 466 U.S. at 687; *Edmond*, 899 F.3d at 452–53; *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011). "Surmounting *Strickland*'s high bar is never an easy task" since "the *Strickland* standard must be applied with scrupulous care." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

As to the first prong, the petitioner must establish that counsel's performance "fell below an objective standard of reasonableness" resulting in a failure to function "as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687–88. "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation

was within the "wide range" of reasonable professional assistance." *Harrington*, 562 U.S. at 104

(citing *Strickland*, 466 U.S. at 689). "This means identifying acts or omissions of counsel that

could not be the result of professional judgment. The question is whether an attorney's

representation amounted to incompetence under prevailing professional norms, not whether it

deviated from best practices or most common custom." *Sussman v. Jenkins*, 636 F.3d 329, 349

(7th Cir. 2011) (internal quotation marks and citations omitted). "The important inquiry is

whether counsel's conduct so undermined the proper functioning of the adversarial process that

the trial cannot be relied on as having produced a just result." *Koons*, 639 F.3d at 351 (internal

quotation marks and citations omitted).

But even if the petitioner shows that counsel's performance fell below an objective

standard of reasonableness, he would still have to show that "'there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been

different[.]'" *Eckstein v. Kingston*, 460 F.3d 844, 848 (7th Cir. 2006) (quoting *Strickland*, 466

U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the

outcome. Indeed, it is insufficient to show only that the errors had some conceivable effect on the

outcome of the proceeding, because virtually every act or omission of counsel would meet that

test." *Williams v. Taylor*, 529 U.S. 362, 394 (2000) (endorsing the legal standard articulated by

the trial judge). Petitioner bears the "highly demanding and heavy burden of establishing actual

prejudice." *Id.*

"Prejudice in the context of a guilty plea requires a showing that but for counsel's

deficient performance, [the defendant] would not have pleaded guilty." *Galbraith*, 313 F.3d

1001, 1008. It's worth repeating that "'[s]urmounting *Strickland*'s high bar is never an easy

task,' and the strong societal interest in finality has 'special force with respect to convictions

based on guilty pleas.' Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017) (citations omitted). To obtain relief on a claim that an attorney provided ineffective assistance by failing to properly advise a defendant on the consequences of a guilty plea, "a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010); *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ("[I]n order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). "[A] mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice." *Anderson v. United States*, 981 F.3d 565, 576 (7th Cir. 2020) (quoting *United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005) (quoting *Berkey v. United States*, 318 F.3d 768, 772–73 (7th Cir. 2003))).

"If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. "*Strickland*, 466 U.S. at 697. After all, "[t]he object of an ineffectiveness claim is not to grade counsel's performance." *Id.*

With these principles in mind, the Court turns to Mr. Daniels's claims that his trial attorney failed to provide him with constitutionally required representation.

\* \* \* \* \*

Mr. Daniels claims that his attorney, Matthew Soliday, provided him incorrect legal advice, which caused him to plead guilty to violating § 922(g)(1). As best the Court can discern, Mr. Daniels believes that Mr. Soliday wrongly failed to raise his Second Amended right to possess the firearm. According to Mr. Daniels, Mr. Soliday failed to realize that as "the record shows . . . he had exercised his Second Amendment right to bear arms for protection." (Def.'s Suppl. Br., DE 54 at 2.) Mr. Daniels insists that Mr. Soliday failed to both present a facial challenge to the constitutionality of § 922(g)(1) and to challenge the statute as applied to him.[2] He also appears to believe that there was no evidence that his possession of the firearm was in or affecting interstate commerce. (*Id.*) Mr. Daniels supplemented his contentions with an affidavit stating that:

- "[his] attorney never explained that the government needed more than a firearm to be charged with 18 U.S.C. § 922(g)(1)";

- "[his] attorney on August 16, 2023, filed a NOTICE OF NO OBJECTION when he knew [Mr. Daniels] had not violated § 922(g)(1)"; and

- "[his] attorney knew there was no evidence of Mr. Daniels affecting interstate commerce."

(*Id.* at 3.)

Yet Mr. Daniels's contentions fail because he cannot show that at the time of his change of plea he was prejudiced by Mr. Soliday's failure to bring the challenges he now invokes. Even if Mr. Soliday had raised the Second Amendment challenge to § 922(g)(1)—either on its face or

---

[2] A constitutional challenge to a statute can be brought either as a facial challenge, or as an as-applied challenge. Mr. Daniels brings both a facial and an as-applied challenge. To succeed on a facial challenge, the moving party must show that the statute is unconstitutional in all applications. *City of L.A. v. Patel*, 576 U.S. 409, 415, 418 (2015). To succeed on an as-applied challenge, the defendant must show it is unconstitutional because of the way it was applied to the particular facts of his case. *See United States v. Phillips*, 645 F.3d 859, 863 (7th Cir. 2011).

as applied to him—Daniels cannot show it would have had merit.[3] After all, as this Court has found repeatedly, as well as the vast majority of other courts across the country that have considered the question, such a contention has little support. *See, e.g.*—

- *United States v. Keosackdy*, No. 3:22-CR-78 JD, 2023 WL 6805893, at *2 (N.D. Ind. Oct. 16, 2023) ("This Court has previously considered and rejected constitutional challenges to § 922(g)(1) in light of *Bruen*. In *United States v. Rice* the Court found that § 922(g)(1) satisfies the *Bruen* test and withstood both facial and as-applied challenges. 2023 WL 2560836. That is, the Court found that the regulation codified at § 922(g)(1) is consistent with the history and tradition of firearm regulation in the United States, even when applied to "non-violent" felons. *Id.* This conclusion is shared by the overwhelming majority of federal courts to review this question, including a thus far unanimous consensus among the Judges of this District who have confronted the question." (citing *United* States v. *Clark*, 1:20-CR-49, 2023 WL 2346284 (N.D. Ind. March 2, 2023) (Brady, C.J.); *United States v. Tribble*, 2:22-CR-85, 2023 WL 2455978 (N.D. Ind. Mar. 10, 2023) (Simon, J.));

- *United States v. Wright*, No. 2:22-CR-55 JD, 2024 WL 1528641, at *2 (N.D. Ind. Apr. 9, 2024) ("Since deciding *Rice* last year, the Court has received several requests to reconsider its holding in light of "new" developments in Bruen caselaw. The Court has considered each request as they came, reviewed the decisions of its sister courts, and found no basis to revisit the conclusion of Rice. *United States v. Young*, No. 2:22-CR-20, 2023 WL 8697936 (N.D. Ind. Dec. 15, 2023) (collecting cases and summarizing their

---

[3] Mr. Daniels's as-applied argument can hardly be called an argument as he merely mentions it and does not even touch on his predicate felony convictions. In the end though, it makes no difference because there simply is no meritorious argument for Mr. Daniels's proposition.

holdings). While the majority of the caselaw offered by Mr. Wright has been considered and declined by the Court before, he does offer one relatively new case in his motion, *United States v. Neal* from the Northern District of Illinois. No. 20-CR-335, 2024 WL 833607 (N.D. Ill. Feb. 7, 2024). However, the Court has recently issued an order denying a *Bruen* challenge to § 922(g)(1) which cited to *Neal*. In denying that motion the Court explained why it did not find *Neal* persuasive authority to revisit the conclusion in *Rice*. *United States v. Williams,* No. 2:23-CR-59, DE 27 (N.D. Ind. April 9, 2024).");

- *United States v. Sherls*, No. 2:22-CR-13 JD, 2023 WL 8185665, at *2 (N.D. Ind. Nov. 27, 2023) ("Mr. Sherls asks the Court to revisit *Rice* in light of several subsequent cases. . . . The problem for Mr. Sherls' current motion . . . is that the Court has seen [the cited cases] before and has not been persuaded. In *United States v. Wade*, the Court considered whether *Range* and *Bullock* meant the holding of *Rice* should be reconsidered. No. 3:22-CR-3, 2023 WL 6037404 (N.D. Ind. Sept. 15, 2023). After thoroughly reviewing these cases, the answer was no. *Id*. at *2. Similarly, in *United States v. Keosackdy*, the Court considered whether *Atkinson* meant a reconsideration of *Rice* was necessary. No. 3:22-CR-78, 2023 WL 6805893, at *3 (N.D. Ind. Oct. 16, 2023). Once again, the answer was no. *Id*. The Court would also note several sister courts within this Circuit have reached similar conclusions and upheld § 922(g)(1) against *Bruen* challenges in light of *Atkinson* and the other precedent Mr. Sherls invokes." (citing *United States v. Johnson*, No. 22-CR-254, 2023 WL 7284848 (E.D. Wis. Nov. 3, 2023); *United States v. Jackson*, No. 20-CR-298, 2023 WL 7160921 (N.D. Ill. Oct. 31, 2023); *United States v. Hardy*, No. 23-CR-129, 2023 WL 6795591 (N.D. Ill. Oct. 13, 2023)).

This is not only to say that Mr. Daniels did not suffer prejudice because *this* Court would have likely denied his motion. As the court in *United States v. Nichols*, No. 20-CR-10067-JES, 2024 WL 890477, at *4 (C.D. Ill. Feb. 29, 2024), observed after surveying approximately 55 cases, nearly every court within the Seventh Circuit to consider this issue—with only two exceptions[4]—has concluded that § 922(g)(1) survives a facial challenge under the *Bruen* framework. In addition, "facial challenges to § 922(g)(1) have failed in nearly every circuit to have considered them, both before and after the Supreme Court's decision in *Bruen*." *Nichols*, 2024 WL 890477, at *4 (collecting cases). The Court finds persuasive the rationale of the majority of district courts in the Seventh Circuit and, for the reasons stated in its prior opinions, concludes yet again that § 922(g)(1) is not facially unconstitutional. "To establish prejudice, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009) (quoting *Strickland*, 466 U.S. at 694)). Regardless of any omission by Mr. Soliday to advance a facial Second Amendment challenge to the statute under which Mr. Daniels was convicted and sentenced, there is no probability sufficient to undermine confidence in the outcome of Mr. Daniels's case. In short, Mr. Daniels has not shown that he suffered prejudice because of his counsel's performance in this respect.

The Court will also address Mr. Daniels's suggestion that § 922(g)(1) is unconstitutional as applied to him. And it is only a suggestion because Mr. Daniels has not presented any argument on this issue. He does not even mention his predicate felony convictions. By failing to

---

[4] By now, a year since *Nichols* was decided, there are a handful of such cases—still a small minority. The Court has addressed those cases before finding them unpersuasive. *United States v. Stork*, No. 2:21-CR-7 JD, 2024 WL 2955735, at *3–4 (N.D. Ind. June 12, 2024) (outlining its consideration of cases holding that § 921(g)(1) was unconstitutional).

at least create a semblance of an argument, Mr. Daniels has waived his claim. *See United States v. Edwards*, 733 F. Supp. 3d 644, 647-48 (N.D. Ill. 2024) (finding that the defendant who fails to develop an argument in his motion under § 2255 waives that contention "for failure to develop it or support it with legal authority") (citing *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021) (noting on review of § 2255 petition that "this court has repeatedly and consistently held that perfunctory and undeveloped arguments, as well as arguments that are unsupported by pertinent authority, are waived")). "[J]udges are not also required to construct a party's legal arguments for him." *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).

But even if Mr. Daniels had not waived his as-applied argument, it would still fail. The Seventh Circuit has "repeatedly rejected as-applied Second Amendment challenges" to § 922(g), *Kanter v. Barr*, 919 F.3d 437, 443 (7th Cir. 2019) (abrogated by *Bruen* for applying means-end scrutiny in evaluating the constitutionality of § 922(g)(1)), while acknowledging that such challenges have not been categorically foreclosed, *id.* (citing *United States v. Williams*, 616 F.3d 685, 693 (7th Cir. 2010)). Even so, this is not such a case.

In the cases that have held that § 922(g)(1) was unconstitutional as applied to the defendant, the unifying factor is "the importance of distinguishing between violent and non-violent felony convictions." *Nichols*, 2024 WL 890477, at *6 (citing *United States v. Griffin*, SJC-21-693, 2023 WL 8281564 (N.D. Ill. Nov. 30, 2023)); *see also Binderup v. AG of United States*, 836 F.3d 336 (3d Cir. 2016) (en banc) (holding that § 922(g)(1) was unconstitutional as applied to two individuals convicted of a misdemeanor for corrupting a minor and a misdemeanor for unlawfully carrying a handgun without a license, respectively). The relevant question then is whether the prior felony is the kind that ordinarily indicates that the person cannot be trusted to use a gun responsibly, not whether everyone who commits the crime is

necessarily dangerous or violent. Mr. Daniels's three prior felonies—residential entry, escape, and criminal organization—place him within the group of people whom Congress may reasonably regulate in relation to firearms possession.

Consider the escape offense. According to the PSR, Gary City Court placed a GPS monitoring device on Mr. Daniels's ankle. A monitoring officer visited Mr. Daniels at his home and found that Mr. Daniels damaged the device. After the officer removed the device from Mr. Daniels's ankle to repair it, Mr. Daniels escaped the home and remained at large. (PSR, DE 31 ¶ 36.) The Seventh Circuit has long recognized the violent nature of the offense of escape. *See United States v. Hawkins*, 168 F. App'x 98, 99 (7th Cir. 2006) ("Hawkins also renews his argument that his prior escape conviction cannot be considered a crime of violence because it was only a "walkaway" escape (from a halfway house), not a forcible escape. We rejected this argument last time, too, having previously held that escape is categorically a crime of violence under the guidelines."). Likewise, residential entry is a violent offense: "A person who knowingly or intentionally *breaks* and enters the dwelling of another person commits residential entry, a Level 6 felony." Ind. Code § 35-43-2-1.5 (emphasis added). Finally, in relation to his crime of "criminal organization," Mr. Daniels was found to be a member of the Sin City Disciples that was a recognized Outlaw Motorcycle Gang known to carry weapons and based in Gary, Indiana. (PSR, DE 31 ¶ 38.) It's hardly a stretch to think that Mr. Soliday's omission to bring an as-applied challenge under the circumstances presents no probability sufficient to undermine confidence in the outcome of Mr. Daniels's case. *See United States v. Wiley*, 718 F. Supp. 3d 888, 898–99 (S.D. Ill. Feb. 21, 2024) ("Clearly, based on this documented propensity for breaching the law, including by the aggravated unlawful use of a weapon, Defendant is not beyond the reach of Congress' ability to rationally bar Second Amendment rights under the

authorities discussed herein.") (appeal dismissed, No. 24-1421, 2024 WL 4212901 (7th Cir. Apr. 11, 2024)).

Next, Mr. Daniels suggests that Mr. Soliday should have challenged the Indictment because there was no evidence that his possession of the firearm was in or affecting interstate commerce. But Mr. Daniels doesn't offer anything more than that. Again, this purported omission did not prejudice Mr. Daniels because any challenge to the interstate commerce nexus would have failed. In order to convict on the felon-in-possession charge, the government had to prove beyond a reasonable doubt "(1) that the defendant knowingly possessed a firearm; (2) that he was a convicted felon at the time he possessed the firearm; (3) that the defendant knew at the time he possessed the firearm that he had been convicted of a crime punishable by imprisonment for more than one year; and (4) that the firearm traveled in interstate commerce." *United States v. Morales*, 572 F. Supp. 3d 502, 509 (N.D. Ill. Nov. 15, 2021) (citing *Rehaif v. United States*, 139 S. Ct. 2191 (2019) and *United States v. Hammond*, 996 F.3d 374, 395 (7th Cir. 2021)). At the change-of-plea hearing, the Government proffered, without an objection from Mr. Daniels evidence that police found on him a loaded Taurus G3 9mm firearm; that he had been convicted of felony offenses; that he knew he had been convicted of those offenses; and that the firearm "was manufactured outside the State of Indiana and, therefore, had to travel within interstate commerce." (Plea Hrg., DE 57 at 12–13.) The same acknowledgement is confirmed in paragraph eight of his Plea Agreement in which Mr. Daniels concedes that the firearm traveled in and affected interstate commerce. (DE 18). Under these facts, no legal challenge to interstate commerce would have prevailed because "a firearm's single past journey across a state line satisfies the interstate commerce element of section 922(g)(1)." *United States v. Sarraj*, 665 F.3d 916, 921 (7th Cir. 2012); *see also United States v. Lewis*, 100 F.3d 49, 53 (7th Cir. 1996) ("The

stipulation that the handgun found in [the defendant's] possession had been manufactured

outside of Wisconsin was sufficient to establish that the gun had, at some previous time, moved

in interstate commerce, and this in turn was sufficient to demonstrate the nexus to interstate

commerce required by the Commerce Clause.").

But even assuming that Mr. Daniels could show that the arguments he now advances had

merit he has not shown—and has not even argued—that but for his counsel's alleged errors, he

would not have pleaded guilty and would have gone to trial. While "a mere allegation by the

defendant that he would have insisted on going to trial is insufficient to establish prejudice,"

*Anderson*, 981 F.3d at 57, Mr. Daniels has not even done that. Instead, he's silent on this issue,

giving no reason to believe "that there is a reasonable probability that, but for counsel's errors,

he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Accordingly, Mr. Daniels has failed to demonstrate that he has suffered any prejudice because of

his guilty plea. *See United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005) (noting that a

defendant must present objective evidence that he would have gone to trial)*; see United States v.*

*Multani*, 420 F. App'x 621, 624 (7th Cir. 2011) (rejecting an ineffective assistance claim where

"there is nothing in the record or in [the petitioner's] Rule 51(b) response suggesting that [he]

would not have pleaded guilty had the court discussed with him the forfeiture count at the plea

colloquy"); *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010) ("We find that [the

defendant's] ineffective assistance claim fails because he did not adequately show that he would

not have pled guilty even had his attorney fully explained to him that a Rule 35 motion to reduce

his sentence was not guaranteed.") (citations omitted).

Having found that Mr. Daniels has not suffered prejudice because counsel failed to argue

the constitutionality of 922(g)(1) after *Bruen*, the Court need not separately address the

deficiency prong of the *Strickland* test. Nevertheless, Mr. Daniels's claim that his counsel's representation fell below an objective standard of reasonableness is unavailing. Defense attorneys are generally not obliged to anticipate changes in the law, *see, e.g.*, *Valenzuela v. United States*, 261 F.3d 694, 700 (7th Cir. 2001) (deeming "meritless" the defendant's argument that his attorney should have anticipated *Apprendi* "because our cases provide that '[t]he Sixth Amendment does not require counsel to forecast changes or advances in the law'" (quoting *Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993)), and here, the law has not even dramatically changed. *See also Lickers v. United States*, 98 F.4th 847, 857 (7th Cir. 2024) ("Nor is counsel required to make arguments that have little chance of success. Just because an argument has some remote chance of prevailing does not mean that a lawyer is constitutionally deficient for failing to bring it. Whether a lawyer provides ineffective assistance by failing to raise an argument depends in important part on its likelihood of success."). As explained above, most of the courts in the Circuit hold that § 922(g)(1) does not violate the Second Amendment. "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington*, 562 U.S. at 104 (citing *Strickland*, 466 U.S. at 689). Mr. Daniels has not identified any acts or omissions that could not be the result of professional judgment. Mr. Soliday could not have been deficient in his representation by omitting an argument that had little chance of success. "Just as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Harrington v. Richter*, 562 U.S. 86, 110 (2011). Simply, in light of the status of the case law at the time of Daniels' change of plea, it

cannot reasonably be said that counsel performed deficiently by not challenging the constitutionality of the statute given Daniels' criminal history of violent conduct.

### D.  Motion for Appointment of Counsel

Along with his motion under § 2255, Mr. Daniels is requesting that the Court appoint him counsel (Def.'s Letter, DE 48.) "A section 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel. Rule 8(c) of the Rules Governing Section 2255 Proceedings, however, requires that counsel be appointed for indigent prisoners if an evidentiary hearing is required." *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). But no hearing is necessary to address Mr. Daniels's claims. Furthermore, the Court finds that Mr. Daniels adequately articulated his claims, which are straightforward. Therefore, the interests of justice do not support the discretionary appointment of counsel, and his motion for appointment of counsel will be denied.

### E. Certificate of Appealability is Unwarranted

The Court declines to issue a certificate of appealability. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see Young v. United States*, 523 F.3d 717

(7th Cir. 2008). For the reasons the Court already discussed in denying the motion, the Court does not believe that the resolution of this motion is debatable or that the issues deserve encouragement to keep proceeding.

The Court advises Mr. Daniels, though, that under Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. If Mr. Daniels wishes to appeal this judgment, a notice of appeal must be filed within 60 days after the judgment is entered. Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts; Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006).

### F. Conclusion

For these reasons, the Court—

- GRANTS the motion to supplement (DE 54);

- DENIES the motion for appointed counsel (DE 48); and

- DISMISSES all of his claims under § 2255 (DE 51).

SO ORDERED.

ENTERED: April 18, 2025

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court
